SHAPIRO et al. v. GOLDBERG.

(Supreme Court, Appellate Term.　April 19, 1900.)

PROCESS—MAILING SUMMONS—IMPROPER SERVICE.

Under New York City Consolidation Act, §§ 1321, 1326, providing that, where personal service cannot be made, a copy of the summons and attachment must be posted on the door of the defendant's residence, and that the reason for not making personal service must be stated in the return, service by mailing the summons and attachment to the defendant, without stating any reason in the return for not making personal service, was improper, and the court acquired no jurisdiction thereby.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Anna Shapiro and another against Barnet Goldberg. From a judgment in favor of plaintiffs, defendant appeals.　Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

L. Burkes, for appellant.
L. Levine, for respondents.

PER CURIAM.　The marshal's return completely ignores the requirements of sections 1326 and 1321 of the consolidation act.　The mere mailing of the summons and attachment is ineffectual without posting copies of the same on the door of defendant's residence, and, where such service is made, the return must recite the reasons for not making personal service.　The summons not having been properly served, the court never acquired jurisdiction, and the judgment must be reversed.

Judgment reversed, with costs.

---

(50 App. Div. 424.)

JENA v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, Second Department.　April 14, 1900.)

1. REVIEW—SUFFICIENCY OF EVIDENCE.

Where there is evidence in the record sufficient to sustain the judgment of the trial court, it will not be reversed on appeal as against the weight of the evidence.

2. STREET RAILROADS—PERMANENT INJURIES—DAMAGES—INSTRUCTIONS.

Where, in an action for injuries resulting from defendant's negligence, plaintiff testified that his memory had been impaired by the injury, and a physician testified that loss of memory was a reasonably certain result of such injury, it was not error to refuse to instruct that no damages could be had for permanent injuries.

Appeal from trial term, New York county.

Action by Isidor Jena against the Third Avenue Railroad Company for injuries.　From a judgment in favor of plaintiff, and from an order overruling a motion for a new trial, defendant appeals.　Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Herbert R. Limburger (Cyrus D. Backus, on the brief), for appellant.

Nathaniel Cohen (A. H. Hummel, on the brief), for respondent.

WILLARD BARTLETT, J. This is an action to recover damages for personal injuries sustained by the plaintiff in consequence of the negligent conduct of the defendant's agents in suddenly starting one of its trolley cars while he was endeavoring to step up on the rear platform for the purpose of taking passage therein. The plaintiff was thrown upon the pavement by the violent forward movement of the car, and so severely bruised that he became and remained unconscious for several days. One of his arms was also disabled to some extent, and he claims that his memory has been seriously impaired as a result of the accident. The jury awarded him a verdict of $1,000.

There are only two points in the appellant's brief: First, that the verdict was against the weight of evidence; and, second, that the trial court erred in refusing to charge that the plaintiff could not recover damages for any permanent injury. As to the first point, it is sufficient to say that we have read through the entire record, and think that the proof is ample to sustain the judgment. The second point, however, requires a little more discussion.

In the course of his charge, the learned trial judge instructed the jury as follows:

"The plaintiff claims that his injuries are of a permanent character; and, if you find that they are in fact permanent to any extent, you may make an amount which would afford reasonable compensation for that permanent injury. The evidence bearing upon the question of permanent injury, however, is principally the opinion of the physician called to testify as a witness in the plaintiff's behalf. But you are not concluded by this opinion, which is to be viewed as more in the nature of advice to you; and if, after giving due consideration to such evidence, you are led to a contrary view by your own experiences, and by inferences to be drawn from the proof in the case, you are at liberty to refrain from following the expert's opinion."

No exception was taken to this instruction, but, just before the jury went out, counsel for the defendant made the following requests, which were disposed of as indicated:

"(14) The plaintiff cannot recover damages for any permanent injury. (Refused. Defendant excepts.)" "(16) I charge you that you can award no damages for any loss of memory. (Refused, except as charged. Defendant excepts.)"

If, as matter of fact, nothing that occurred in the course of the trial would warrant the jury in finding that some of the injuries which the plaintiff sustained in consequence of the accident were of a permanent character, it was reversible error for the court to refuse to charge the fourteenth request. This rule has quite recently been asserted in the First department, whence the present appeal comes, in the case of Reardon v. Railroad Co., 24 App. Div. 163, 48 N. Y. Supp. 1005, where Mr. Justice O'Brien said:

"In the absence of proof, in the shape of an opinion or otherwise, that such injuries were reasonably certain to be permanent, it was the duty of the court to charge in accordance with the undisputed facts."

We must therefore look into the evidence to see what was the state of the proof on this subject. After the plaintiff himself had described the accident and his injuries, and given testimony indicating that his memory had been impaired since he was hurt, Dr. Hugo P. Mayer, the physician who treated him, was called to the stand. He gave an account of the plaintiff's illness, and the treatment which he adopted. He then testified as follows in regard to the probable effects:

"I heard Mr. Jena testify this morning that he suffered from loss of memory. I can state the reasonably certain result of such injuries, as I have described, as the plaintiff was suffering from. Q. Now tell us what the reasonably certain result of such injuries is. A. Loss of memory. I can with reasonable certainty tell whether that loss of memory is permanent or not."

On cross-examination the same witness gave this testimony:

"Q. In regard to the memory, you do not know of your own knowledge any specific occasions of loss of memory, do you, on the part of the plaintiff? A. Not to my knowledge. Q. And when you testified that, in your opinion, the loss of memory might be permanent, that was largely based upon the fact that there had been some testimony in the case, given by the plaintiff, that his memory was impaired, was it not? A. No; the result of my examinations and his statements to me."

When we consider together the direct examination of this witness, his cross-examination, and that portion of the charge relating to the character of the plaintiff's injuries, it is perfectly plain that the medical witness, the counsel for the defendant, and the learned judge who presided at the trial, were all under the impression that Dr. Mayer had given testimony, in substance, to the effect that it was reasonably certain that some of the plaintiff's injuries were of a permanent character. Counsel for the defendant assumed such to be the fact in his cross-examination of the witness, and the witness made the same assumption in his answers. It is manifest, therefore, that he meant to be understood, and doubtless was understood, by the jury, as having testified precisely as counsel and the court supposed. In other words, the jury must have derived from his testimony the impression which he intended to give to them, and which he did give, for the time being, at least, to defendant's counsel and the trial judge. Under these circumstances, it does not seem to me that we should hold that the record is so utterly devoid of proof relative to the permanency of the plaintiff's injuries as to make it a fatal error for the court to have refused to charge as requested by the defendant on that subject. There is no injustice to the defendant corporation in holding that it was permissible for the jury to construe the opinion evidence of an expert witness in the way that the witness himself intended it should be interpreted, and in the way in which it was understood by the defendant's counsel at the time the testimony was given. I think the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.